FILED
03 JUN 11 AM 9:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

LARRY V. WILLIAMS,

    Plaintiff,

vs.                        CASE NO. CV-02-J-1763-J

WEYERHAEUSER COMPANY,

    Defendant.

ENTERED
JUN 11 2003

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 20) and brief in support of said motion. The plaintiff filed a response and the defendant thereafter submitted a reply.

The plaintiff commenced this action by filing a complaint in the Circuit Court of Lamar County, Alabama, asserting a state law claim for negligence and/or wantonness for injuries he received when a railing on a catwalk gave way, causing the plaintiff to fall and injure himself. Complaint, ¶¶ 5-7. The plaintiff claims he is entitled to $500,000.00.

Defendant filed a Notice of Removal, asserting this court has diversity jurisdiction (doc. 1).

The following facts are not in dispute: The accident in question occurred while the plaintiff was in the line and scope of his employment with non-party W.G. Yates

& Sons Construction Company ("Yates'"). Plaintiff depo. at 16. The plaintiff has applied for workers' compensation benefits from Yates.[1] Defendant hired Yates to perform demolition and installation work on defendant's premises. *See e.g.*, Easterling depo. at 49.[2] Defendant and Yates entered a contract for the completion of that work, in which defendant is referred to as "Owner" and Yates is referred to as "Contractor." Within the contract is a section entitled "Contractor Safety and Loss Prevention Requirements." Contract, § 3.0. That section of the contract includes numerous requirements for Yates to insure that it has a safe work site for its employees. Further, it states:

> CONTRACTOR shall observe and assume full responsibility for, and shall require its subcontractors and suppliers to observe all occupational safety and health regulations, whether federal, state or local, for all WORK under this Agreement. CONTRACTOR shall indemnify and hold harmless OWNER for all fines, penalties and delays caused by CONTRACTOR's noncompliance with these regulations.

Contract, § 3.9.

> CONTRACTOR warrants that it has inspected the present conditions of the WORK SITE, accepts those conditions and can perform the WORK on the WORK SITE.

Contract, § 9.2

---

[1] *See Larry V. Williams v. W.G. Yates & Sons Construction Co.*, CV 2002-53 (Circuit Court of Lamar County, Alabama).

[2] Van Easterling is a safety engineer for Yates. Easterling depo. at 47.

> CONTRACTOR shall comply with all applicable laws, codes, rules and regulations of federal, state and local governments, including without limitation rules relating to worker safety ....

Contract, § 28.1.

> CONTRACTOR shall at its own expense correct any noncompliance with such laws, codes, rules and regulations in effect at the date of execution of this Agreement.

Contract, § 28.3.

Additionally, Schedule B of the contract places the following responsibilities on Yates as the contractor:

> 1.5 Special Structural Demolition Note
> A. The Contractor shall examine items that are to be removed, along with those items intended to remain and shall identify, protect, stabilize, or reinforce those items to maintain structural integrity.
> B. The Contractor shall have responsibility for the construction means and methods.

Further requirements under the contract state that Yates shall perform demolition in a manner which insures the safety of all persons, in accordance with OSHA Regulation 29 CFR Part 1926, Subpart T.

The plaintiff's injuries occurred when, on a catwalk, he grabbed a handrail that had already been cut on one side as part of the demolition effort. Easterling depo. at 57, 62-63. The attached part of the handrail had rusted, and gave way when the plaintiff grabbed it. Howard depo. at 15, 28-29; Plaintiff depo. at 73.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In the facts before this court, the court finds that the moving party is entitled to judgment as a matter of law. The plaintiff seeks to recover for his work related injuries from the owner of the location where he was performing work for his employer. Plaintiff bases his argument on a theory that, as an invitee to the defendant's premises, the defendant owed him some duty to warn of unsafe conditions. Plaintiff further argues that defendant retained some degree of control over the worksite. His sole support for this argument is the testimony of plaintiff's expert, Gene Cook. Cook states that defendant was a "host employer" or "controlling employer." Cook depo. at 70, 91-92. He further testified that defendant retained the duty to make sure that Yates met its safety requirements. Cook depo. at 96-98, 104.

The court can find no evidence that defendant retained any degree of control over the area in which Yates was performing the work it had contracted to do. Even Cook testified he did not know of any evidence which indicated that defendant could

control the manner in which the plaintiff performed his work.[3] Cook depo. at 101. Easterling testified that Yates was in control of the area where the plaintiff was injured. Easterling depo. at 53. The Project Manager for Yates states by Affidavit that defendant did not participate in the demolition or supervise the plaintiff. Harrison Affidavit.

The court finds that the plaintiff seeks to hold defendant liable for an unsafe condition that was caused by the plaintiff's employer, Yates, and not by the defendant.[4] To prevail on his claim, the plaintiff must establish that the defendant owed a legal duty to him, breached that duty, and that he was injured as a proximate result of that breach. Although the general rule in Alabama is that a landowner owes an invitee the duty to warn of unsafe conditions, no such duty exists to warn when the danger is fully known to the party who was injured. *Ex parte Industrial Distribution Services Warehouse, Inc.*, 709 So.2d 16, 19 (Ala.1997), citing *Crawford Johnson & Co. v. Duffner*, 189 So.2d 474, 476 (Ala.1966). *See also Glen v. United States Steel*

---

[3]Additionally, even assuming that defendant had the duty to insure Yates met its safety requirements, a breach of this duty does not give rise to a cause of action by plaintiff against defendant. Rather, Yates contracted to perform the work in question in a safe manner, and in compliance with all applicable regulations. A failure on Yates' part to do so would be grounds for defendant to terminate its contract with Yates. The plaintiff, as a non-party to this contract, has no right to sue to enforce the provisions of the contract.

[4]The plaintiff also alleges that because the work was intrinsically dangerous, the duty to provide a safe work place is non-delegable. Plaintiff's opposition at 8-11. In *Ramirez*, the court stated "no matter how dangerous the work is, the plaintiff must also show that [the premise owner] retained or exercised control over the [work]. *Ramirez v. Alabama Power Company*, 898 F. Supp. 1537, 1544 (M.D.Ala.1995),

*Corp.,* 423 So.2d 152, 154 (Ala.1982) (stating a premise owner is not liable to an independent contractor for injuries from defects or dangers which the contractor knows or ought to know).

Similarly, a landowner has no duty to warn of open and obvious defects which the injured party should be aware of in the exercise of reasonable care. *Ex parte Industrial Distribution*, 709 So.2d at 20; *McClendon v. Mountain Top Indoor Flea Market, Inc.*, 601 So.2d 957, 959 (Ala.1992). Furthermore, the premise owner must have knowledge of the hidden danger before a duty to warn arises. *Ramirez v. Alabama Power Company*, 898 F. Supp. 1537, 1546 (M.D.Ala.1995),

Under Alabama law, a premise owner generally owes no duty to employees of an independent contractor with respect to work conditions which arise during the course of the work, unless the premise owner retains or reserves the right to control the manner in which the independent contractor performs the work. *See Ramirez,* 898 F. Supp. at 1542, citing *Thompson v. City of Bayou La Batre*, 399 So.2d 292, 294 (Ala.1981). *See also Mead Coated Board v. Dempsey*, 644 So.2d 872, 874-875 (Ala.1994). When the right of control is reserved, the relationship changes from that of a premise owner and independent contractor to that of master and servant. *Thompson,* 399 So.2d at 294. However, no such master-servant relationship is created when the owner merely retains the right to supervise or inspect the work of an

6

independent contractor as it progresses. *Ramirez,* 898 F.Supp. at 1542, *citing Pate v. United States Steel Corp.*, 393 So.2d 992, 995 (Ala.1981).

Furthermore, an invitor is not liable for injuries to an invitee which result from "a danger that was known to the invitee, or that the invitee should have observed through the exercise of reasonable care. If the danger is open and obvious, the invitor cannot be held liable." *Ex parte Industrial Distribution Services Warehouse, Inc.*, 709 So.2d at 19; citing *Williams v. Newton*, 526 So.2d 18 (Ala.1988).

The parties do not dispute that Yates was an independent contractor, hired by defendant to perform specific work. No evidence that the defendant retained or reserved the right to control the manner in which the work was performed by Yates has been presented to this court. *See Ramirez*, 898 F.Supp. at 1542 ("To overcome summary judgment, the plaintiff must raise genuine issue of material fact by offering 'any evidence tending to establish that [defendant] retained this control, either by contract or by its actions ...'"). The court finds the language of the contract between the defendant and Yates did not afford defendant any control over the manner in which Yates performed the work.

Even if the plaintiff could establish such retention of control, the court would still find in favor of defendant. The evidence before the court is that an employee of Yates had cut the handrail in preparation for demolition, and that the other side of the

handrail was rusted. *See* Easterling depo. at 50; Howard depo. at 28. The court finds such conditions are open and obvious as a matter of law. Therefore, the defendant, as the landowner, can have no liability.[5]

The court having considered the foregoing, and being of the opinion that the defendant's motion for summary judgment is due to be granted;

It is therefore **ORDERED** by the court that defendant's motion for summary judgment be and hereby is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this the ___10___ day of June, 2003.

                                        INGE P. JOHNSON
                                        UNITED STATES DISTRICT JUDGE

---

[5] Additionally, Yates' policy was to require its employees to secure their fall protection harnesses any time they are more than six feet above the ground. Easterling depo. at 25. Plaintiff was wearing a safety harness, but not tied off at the time he fell. Howard depo. at 29. Easterling had noted the plaintiff not using his safety harness when he was supposed to. Easterling depo. at 66.